UNITED STATES of America,
Plaintiff,

v.

Larry KATZ, et al., Defendants.

No. 3:05cv058.

United States District Court,
S.D. Ohio,
Western Division.

Sept. 29, 2006.

Deborah M. Reyher, Joseph W.C. Warren, Thomas A. Benson, U.S. Department of Justice, Environmental Enforcement Section, Land & Natural Resources Division, Thomas L. Sansonetti, Assistant Attorney General, Environment and Natural Resources Div., United States Department of Justice, Washington, DC, Patrick Dennis Quinn, United States Attorney's Office, Dayton, OH, for Plaintiff.

Martin Harry Lewis, Tucker Ellis & West LLP, Cleveland, OH, Matthew Yackshaw, Day Ketterer Raley Wright & Rybolt, Canton, OH, John A. Coppeler, Flynn, Py & Kruse LPA, Port Clinton, OH, for Defendants.

DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN PART MOTION TO DISMISS FILED BY DEFENDANT SAUL SENSER (DOC. # 11)

RICE, District Judge.

The Government has brought this litigation, setting forth claims under the Federal Debt Collection Practices Act ("FDCPA"), 28 U.S.C. § 3001, *et seq,* and the Federal Priority Act ("FPA"), 31 U.S.C. § 3713, against Saul Senser ("Senser") and two groups of Defendants which are unrelated to Senser.[1] This lawsuit is related to *United States v. Atlas Lederer Co.*, 3:91cv309 ("*Atlas Lederer* "), an action which the Government initiated under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601, *et seq.*, in order to recover the costs it has incurred in the cleanup of the United Scrap Lead Company Superfund Site in Troy, Ohio ("USL Site"). In *Atlas Lederer,* the Government is attempting to recover those costs from Senser Metals, Inc. ("Senser Metals"), and from Saul Senser, its President and sole shareholder.[2]

The Government alleges in its Amended Complaint that Saul Senser caused Senser Metals to transfer all of its assets, in March, 1996, to Senser Alloy Corporation ("Senser Alloy"), for the sum of $759,000. Doc. # 7 at ¶¶ 51–55. Under the terms of that agreement, Senser Alloy did not assume any of the liabilities of Senser Metals, even though the purchaser paid less than full value for the assets of Senser Metals.[3] *Id.* at ¶¶ 56–57. In fiscal year 1995, Senser used a portion of those proceeds to pay himself compensation which was five times what he normally paid himself. *Id.* at ¶¶ 60–61. In its Amended Complaint, the Government has set forth three claims for relief against Saul Senser, to wit: that the transfer of assets to Senser Alloy constituted a fraudulent transfer in violation of the FDCPA (Doc. # 7 at ¶¶ 122–127); that the payment of compensation to Saul Senser by Senser Metals in fiscal year 1995 constituted a fraudulent transfer in violation of the FDCPA (*id.* at ¶¶ 128–133); and that those transfers violated the FPA (*id.* at ¶¶ 134–140).

This case is now before the Court on Saul Senser's Motion to Dismiss (Doc. # 11). He supports that motion with four premises, to wit: that the claims against him were misjoined; that this Court lacks personal jurisdiction over him; that venue is improper; and that the Plaintiff's claims are barred by the applicable statutes of limitations. Alternatively, Saul Senser requests that this Court transfer this matter to the Northern District of Ohio, in accordance with 28 U.S.C. § 1404, in the event that it does not dismiss the Plaintiff's claims against him. Since the assertion that personal jurisdiction is lacking goes to the question of this Court's power over Saul Senser,[4] it will initially rule upon the

---

**1.** One of those groups is comprised of Larry Katz ("Katz") and certain related entities, to wit: Best Rentals LLC, Best Rentals LLC 1–50 and Columbus Recycling LLC. The other group is comprised of a number of individuals associated in one way or another with Burns Iron & Metal.

**2.** Therein, the Government is also seeking to recover from Burns Iron & Metal, Katz and Caldwell Iron and Metal, a partnership of which Katz was a partner for a few years.

**3.** The Government alleges, *inter alia,* that Senser Metals did not receive consideration for the right to use its name and its list of customers, some of whom had done business with Senser Metals for more than 20 years. Doc. # 7 at ¶ 57.

**4.** *See e. g., Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 584, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999) ("Personal jurisdiction ... represents a restriction on judicial power

branch of his motion challenging personal jurisdiction, following which it will address, to the extent necessary, the other grounds in Saul Senser's motion in the above order.

■ It is axiomatic that "[a] federal court may only exercise personal jurisdiction in a diversity case if such jurisdiction is (1) authorized by the law of the state in which the court sits; and (2) is otherwise consistent with the Due Process Clause of the Fourteenth Amendment." *Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003). Herein, Saul Senser argues only that exercise of personal jurisdiction over him would offend due process. In *Intera Corp. v. Henderson*, 428 F.3d 605 (6th Cir.2005), the Sixth Circuit restated the familiar test, first adopted in *Southern Machine Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir.1968), which is applied to determine whether the exercise of specific, personal jurisdiction over a party comported with due process:

> "First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable."

*Id.* at 615 (quoting *Southern Machine* ). In the affidavit that Saul Senser appended to his motion, he states that Senser Metals operated in Barberton, Ohio, and that he has been a lifelong resident of Summit County, Ohio. Given those facts presented by Saul Senser, it cannot be questioned that each prong of the three-part test has been met. That is not surprising, given that jurisdiction is determined on a state-wide, rather than on a district-wide basis. *American Home Assur. Co. v. Glovegold, Ltd.*, 153 F.R.D. 695, 698 (M.D.Fla.1994). Accordingly, the Court overrules the branch of Saul Senser's Motion to Dismiss (Doc. # 11), which is predicated upon the assertion that this Court cannot exercise personal jurisdiction over him.[5]

■ As indicated, Saul Senser also argues that the claims against him must be dismissed from the lawsuit, because he was misjoined. Permissive joinder is governed by Rule 20(a) of the Federal Rules of Civil Procedure, which provides:

> *(a) Permissive Joinder.* All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. All persons (and any vessel, cargo or other property subject to admiralty process in rem) may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if

---

... as a matter of individual liberty.") (internal quotation marks and citation omitted).

5. In support of this branch of his motion, Saul Senser argues that this Court cannot exercise personal jurisdiction over him, because he has been denied due process, given that the Government is attempting to impose liability on him for fraudulent conveyances before he has been· found to be liable in the underlying action under CERCLA. *See* Doc. # 11 at 7. Regardless of whether such constitutes a deprivation of due process, that issue is not remotely related to the question of whether this Court can exercise personal jurisdiction over him. Therefore, this Court has no occasion to address it.

any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

The available remedies for misjoined parties are set forth in Rule 21 of the Federal Rules of Civil Procedure, which provides:

*Misjoinder and Non–Joinder of Parties* Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

In *Michaels Building Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6 th Cir.1988), the Sixth Circuit held that "[t]he manner in which a trial court handles misjoinder lies within that court's sound discretion." *Id.* at 682. Therein, the Sixth Circuit concluded that the District Court had not abused its discretion in dismissing claims against one group of banks, from a lawsuit involving class-wide claims against a number of banking groups, alleging that each group had violated RICO by promising in its loan documents to charge class members the prime interest rate that preferred customers were charged, even though a lower interest rate was charged to some commercial customers, given that the loans by the different banking groups did not arise out of the same transaction, occurrence, or series of transactions or occurrences.

Herein, the Government contends that the claims against Saul Senser were permissively joined with those against the other Defendants, because common questions of fact are presented, given that all alleged "debts" which the United States is attempting to recover in this litigation arise out of the operation of the USL Site and the Government's efforts to recover the costs it has incurred in responding to that hazardous site in *Atlas Lederer. See* Doc. # 15 at 8. Plaintiff also contends that common questions of law are presented, to wit: how the FDCPA and the FPA are interpreted to apply to "debts" arising out of CERCLA litigation. *Id.* Assuming for sake of argument that those are common questions of law and fact, this Court concludes nevertheless that Plaintiff's claims against Saul Senser have been misjoined.

The existence of a common question of law or fact, alone, is not sufficient to demonstrate that a party has been properly joined in accordance with Rule 20(a). Rather, in addition to existence of such a common question, Rule 20(a) requires that the relief requested arise out of the same transaction, occurrence, or series of transactions or occurrences. *See* 7 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1653. Herein, the Government seeks relief from each Defendant or group of Defendants based upon alleged fraudulent conveyances which are separate and distinct from the alleged fraudulent conveyances by the others. As indicated above, the Government alleges that Saul Senser caused Senser Metals to make two fraudulent conveyances. Those alleged transactions are unrelated to any other Defendant in this litigation. The claims against Katz and his related entities arise out of conveyances, allegedly orchestrated by Katz, which the Government does not claim are related to alleged acts underlying the claims against Saul Senser. The Burns Defendants are alleged to be liable as a result of causing Burns Iron & Metal to

redeem certain shares of its stock, transactions which are unrelated to Saul Senser.

Accordingly, this Court concludes that the claims against Saul Senser were not properly joined under Rule 20(a). In addition, this Court will exercise its discretion to dismiss those claims under Rule 21 (*i.e.,* to drop Saul Senser). The alternative to dropping him would be severance of those claims against him. That option could prejudice one or more or all of the parties to this lawsuit, since proceeding with essentially two separate lawsuits under the same case number would, at a minimum, be quite confusing. Moreover, that option would delay the ultimate resolution of the claims herein, since trials of what would amount to two separate lawsuits would be required before this case could be terminated. Rule 21 invests District Courts with discretion to drop parties "on such terms as are just." *See* 7 Wright, et al., *supra,* § 1688 at 505–07 (describing District Court's discretion). This Court will exercise that discretion in the following manner. Saul Senser has also argued in his motion that the Government's claims against him are barred by the relevant statutes of limitations. If the Government chooses to file a new lawsuit raising the claims against Saul Senser which are being dismissed herein and if the statute of limitations defense is once again raised, that defense shall adjudicated as if the claims against Saul Senser had not been dismissed from this lawsuit. In other words, since the Amended Complaint joining Saul Senser was filed on August 10, 2005 (*see* Doc. # 7), the statutes of limitations will be deemed to have stopped running on that date, rather than the date upon which the new litigation is initiated.

Based upon the foregoing, the Court sustains in part and overrules in part Saul Senser's Motion to Dismiss (Doc. # 11). That motion is overruled to the extent that it is based upon the assertion that in personam jurisdiction over Saul Senser does not exist and is sustained as it pertains to the request for dismissal under Rules 20 and 21. Saul Senser and the claims against him are dismissed from this lawsuit in accordance with Rule 21, subject to the conditions set forth above.